# MEMORANDA

OF

## CASES NOT REPORTED IN FULL.

THOMAS BIRKBECK, Respondent, *v.* EDMUND ACKROYD, Appellant.

*Earnings of wife — when they belong to her husband.*

APPEAL by defendant from a judgment in favor of plaintiff entered on the report of a referee. The action was brought to recover the value of services rendered by plaintiff as superintendent of defendant's woolen factory, and for services rendered by plaintiff's wife and minor children, and by plaintiff as assignee of similar claims for services rendered by two adult sons of the plaintiff and their wives. There were no allegations, in plaintiff's complaint, of any assignment from the wife of the plaintiff or from the wives of the adult assignors.

The court at General Term said : " We think that under the circumstances of this case, the plaintiff was entitled to recover for the services of his wife. She was not carrying on any separate business, nor does it appear that the services rendered by her, were performed on her sole or separate account, but quite the contrary. In such a case, the rule of the common law remains, and the statutes for the protection of married women do not apply. (*Filer* v. *N. Y. C. R. R.*, 49 N. Y., 47; *Beau* v. *Kiah*, 4 Hun, 171.) The case of *Brooks* v. *Schwerin* (54 N. Y., 344) was distinguished from the case in 49 New York, on the ground that there was no claim in the latter case that the married woman was engaged in service on her sole and separate account (p. 350), the inference from which fact is that, where her earnings accrue from her services in other ways, such earnings belong to the husband. The case in 54 New York is not a decisive authority, one way or the other, on this point, the judgment having been affirmed by reason

of an equal division of the members of the court. The same rule which we have applied to the wages of the plaintiff's wife, applies to the wives of his assignors respectively."

*D. F. & H. Gedney*, for the appellant. *W. J. Welsh*, for the respondent.

Opinion by GILBERT, J.; BARNARD, P. J., concurred; DYKMAN, J., dissented.

Judgment affirmed, with costs and disbursements.